Hoestadter, J.
(dissenting). If the Trial Justice’s rejection of the defendant’s asserted admissions was on the ground that such testimony is of a low order, as matter of law, I should readily concur in the views of my brethren. I do not, however, so read the sentence in the opinion below: “ I do not accept the testimony of any witness concerning admissions allegedly made by the defendant.” I take it to mean merely that the admissions had not been satisfactorily established, a perfectly permissible result in the light of the evidence. Lt. Bernhardt of the Fire Department had no present recollection of the admissions and relied solely on Ms memorandum. Bernhardt’s memorandum attributed this to the defendant: ‘ ‘ He believes he may have pulled the cord turning the irons and then leaving.” Moore, the adjuster, first testified the defendant told him “ he believed one of the irons had been left on during the night.” On cross-examination Moore added that the defendant had told him one of the lights had blown out and that is why the iron had been left on. Later the statement was “ one of the safety lights must have blown out.” The trial was held on April 11, 1956; Moore saw the defendant on November 13,1953, when he talked with him about the fire for four or five minutes; though he had made several hundred investigations in the interim he said he had a distinct recollection of the conversation. Moore’s testimony thus presented a question of credibility; in no event was it a statement of an explicit admission, especially when placed *806 alongside the defendant’s own testimony that he invariably pulled the master switch which turned off the current entirely. The so-called admission might well have been treated as nothing more than the defendant’s effort to reconstruct the picture and to find an explanation for the fire; as such it was but the expression of a belief or possibility. There was in this view ample basis for the trial justice’s determination that no admission had been established. This leaves the cause of the fire wholly “ unknown and unascertainable ” as the court below found. Hence I dissent.
Aurelio, J., concurs with Steuer, J.; Hoestadter, J., dissents in opinion.
Judgment reversed, etc.